IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN BELL and KEITH )
COSTANZA, on behalf of )
themselves and similarly )
situated employees, )
)
       Plaintiffs, )
)
  vs. ) Civil Action No. 10-320
)
)
CITIZEN FINANCIAL GROUP, INC.,)
RBS CITIZENS, N.A. (d/b/a )
Citizens Bank), )
CITIZENS BANK OF PENNSYLVANIA )
(d/b/a/ Citizens Bank), )
)
       Defendants. )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                September 2, 2010

      This is a collective action lawsuit. Plaintiffs Justin Bell and Keith Costanza, as well as six other additional plaintiffs who have opted-in to the lawsuit, seek relief pursuant to the Federal Labor Standards Act, 29 U.S.C. §216 ("FLSA"), the Pennsylvania Minimum Wage Act ("PWMA"), 43 P.S. §§ 333.101, and the Massachusetts Minimum Wage Act ("MWA"), Mass. Gen. Laws ch. 151, §§1A and 1B.[1] Plaintiffs work as Assistant Branch Managers ("ABM") for defendants' retail bank branch locations. Plaintiffs contend that defendants violated their rights under the FLSA by, inter alia, misclassifying them as exempt from receiving overtime premium

---

[1] Plaintiffs' instant motion concerns only conditional collective certification pursuant to the FLSA.

pay even though they primarily performed non-exempt tasks and frequently worked more than forty hours a week.

Pending before the court is plaintiffs' motion for conditional certification as a collective, opt-in action under the FLSA. Defendants, a financial holding company and its subsidiaries, oppose plaintiffs' motion, arguing, inter alia, that defendants have not produced sufficient evidence to warrant the court's grant of conditional class certification.

For the reasons to follow, the court will grant plaintiffs' motion for conditional class certification.

I. Background

Plaintiffs filed this action on March 10, 2010, alleging that defendants violated the FLSA, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, et seq., and the Massachusetts Wage Act ("MWA"), Mass. Gen. Laws ch. 151, §§1A and 1B. Bell and Costanza have worked as ABMs for defendants at retail bank branches in Pennsylvania and Massachusetts, respectively. Defendants operate Citizen Bank branches throughout Pennsylvania, New Jersey, Delaware, Connecticut, Massachusetts, New Hampshire, New York, Rhode Island and Vermont.

Plaintiffs contend that defendants have a corporate-wide practice of classifying all ABMs as overtime except, even though they spend 80% to 100% of their time performing non-exempt personal

banker and teller related duties, including opening new accounts and handling customer business. In support of this contention, plaintiffs have submitted declarations from all eight opt-in plaintiffs, stating that all performed non-exempt duties and worked more than forty hours a week. All worked as ABMs at defendants retail branches at thirteen locations throughout Pennsylvania and Massachusetts. They have also submitted job descriptions for ABM job vacancies posted in New York, Pennsylvania, Massachusetts, Delaware, and New Jersey. Each job posting describes the exact same position and duties:

> Overall responsibility for daily operations, including management of Teller (including Teller Manager) and Customer Service staff to a Tier II branch. Provide sales leadership to ensure franchise growth through personal example and regular monitoring of team sales results. Under guidance of Branch Manager may hire, fire, review and counsel staff. Reviews teller work schedule. Schedules Bankers/Customer Service Representatives to ensure adequate coverage. Responsible for keeping branch in compliance with all bank policies and procedures and prepares branch for internal audits. Monitors branch service quality levels and coaches staff to achieve appropriate levels. Responds to complex customer complaints and questions. Coordinates special events such as Customer Appreciate Day. Opens and/or closes branch. Reports to Branch Manager.

Plaintiffs ask the court to certify the following class: "All Assistant Branch Managers employed at Citizen Bank retail branches during any work week since March 10, 2007 who were paid a salary and classified by Defendants as exempt from the FLSA's overtime pay

mandates."

Defendants admit that all ABMs are paid a salary, regardless of branch location, and that all ABMs are classified as exempt from the FLSA's overtime requirements. They do not contest that the above job posting accurately describes the job duties of an ABM, but do that their policy is compliant with the FLSA. Furthermore, they contest collective certification on the grounds that it is inappropriate given that it is the decision of the individual branches to depart with their lawful policy. At a minimum, defendants request that certification be limited to Pennsylvania and Massachusetts, the states where the eight plaintiffs work.

II. Applicable standards

Under the FLSA, an employee who claims a violation of the right to receive overtime compensation may bring an action on behalf of himself and other "employees similarly situated." 29 U.S.C. §216(b). The FLSA also requires that to be part of the collective action, employees must give "consent in writing to become such a party and such consent [must be] filed with the court in which such action is brought." Id. It is the responsibility of the court to "oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way."

Hoffmann-La Roche, Inc., v. Sperling, 493 U.S. 165, 170-71 (1989).

The instant motion concerns only the first phase of the certification process, which is a two-step process. The court must first determine "whether a class should be conditionally certified for the purpose of notice to potential opt-in plaintiffs and for pretrial discovery regarding their individual claims." Stanislaw v. Erie Indem. Co., No. 07-1078, 2009 U.S. Dist. LEXIS 85056, at *4 (W.D. Pa. Sept. 17, 2009). Once the court grants certification, notice is sent to the potential plaintiffs so that they may elect whether to opt-in to the action. The second phase of class certification takes place after discovery has occurred, at which time the court "may be asked to reconsider the conditional class certification to determine whether the 'similarly situated' standard has been met." Id. (citing Sperling v. Hoffman LaRoche, Inc., 862 F.2d 439, 444 (3d Cir. 1988)).

Plaintiffs bear the burden of demonstrating that they are similarly situated to the remainder of the proposed group. Burkhart-Deal v. CitiFinancial, Inc., No. 07-1747, 2010 WL 457127, at *1 (W.D. Pa. Feb. 4, 2010). The term "similarly situated" is not defined in the FLSA, and neither the United States Supreme Court nor United States Court of Appeals for the Third Circuit have provided direct guidance on the subject. This Court has applied a "modest factual showing" standard, which requires plaintiff to demonstrate "a factual nexus between her situation and the

situation of other current and former employees, sufficient to determine that they are similarly situated." Burkhart-Deal, 2010 WL 457127, at *1. In other words, plaintiffs must make a "modest factual showing that similarly situated employees were injured as a result of a single decision, policy or plan before the proposed collective can be conditionally certified." Stanislaw, 2009 U.S. Dist. LEXIS 85056, at *4. This standard, especially at the pre-discovery stage, is a lenient one and typically results in conditional certification of a representative class. See Bishop v. AT&T Corp., 256 F.R.D. 503, 507 (W.D. Pa. 2009); Nerland v. Caribou Coffee Co., Inc., 564 F.Supp.2d 1010, 1017 (D. Minn. 2007).

The court concludes that plaintiffs have satisfied their burden at this stage of the certification process. Plaintiffs' declarations show that they worked at thirteen different retail branches of defendants throughout Pennsylvania and Massachusetts. They also allege that they each work more than forty hours a week, that the majority of their jobs involve non-exempt activities, and that their experiences are common to ABMs working at other Citizen Bank branches. Plaintiffs have also submitted thirty job postings, which detail identical job requirements, for ABMs from six of the nine states where defendants have retail banking operations.

To require conclusive findings of similar situations "before providing notice [under §216(b)] to absent class members would condemn any large class claim . . . to a chicken and egg

limbo in which the class could only notify all its members to gather after it had gathered together all its members." <u>Mueller v. CBS, Inc.</u>, 201 F.R.D. 425, 429 (W.D. Pa. 2001) (internal quotations omitted). As a result, the court concludes that plaintiffs have "satisfied the lenient first tier factual showing for pretrial certification." <u>Bosley v. Chubb Corp.</u>, No. 04-4598, 2005 WL 1334565, at *5 (E.D.Pa. 2005).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN BELL and KEITH )
COSTANZA, on behalf of )
themselves and similarly )
situated employees, )
 )
      Plaintiffs, )
 )
vs. ) Civil Action No. 10-320
 )
 )
CITIZEN FINANCIAL GROUP, INC.,)
RBS CITIZENS, N.A. (d/b/a )
Citizens Bank), )
CITIZENS BANK OF PENNSYLVANIA )
(d/b/a/ Citizens Bank), )
 )
      Defendants. )

## ORDER

AND NOW, on this 2nd day of September, 2010, it is HEREBY ORDERED that plaintiffs' motion [Doc. No. 20] for conditional class certification is GRANTED and that the following class is conditionally certified pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b): "All Assistant Branch Managers employed at Citizens Bank retail branches during any workweek since March 10, 2007 who were paid a salary and classified by Defendants as exempt from the FLSA's overtime pay mandates."

It is further ORDERED that within twenty (20) days of the entry of this order: 1) defendants shall produce a list containing the full names and last known address of all persons falling within the above class definition; and 2) the parties shall submit to the court the content of the proposed notice to be sent to the potential plaintiffs.

BY THE COURT,

_____, C.J.

cc: All counsel of record