IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN BELL and KEITH )
COSTANZA on behalf of )
themselves and similarly )
situated employees, )
)
       Plaintiffs, )
)
    v. ) Civil Action No. 10-0320
)
CITIZENS FINANCIAL GROUP, )
INC., RBS CITIZENS, N.A. )
d/b/a CITIZENS BANK, )
CITIZENS BANK OF )
PENNSYLVANIA d/b/a )
CITIZENS BANK, )
)
       Defendants. )

MEMORANDUM

Gary L. Lancaster,                                         October 20, 2011
Chief Judge.

      This is an action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, et seq. ("PMWA"), and the Massachusetts Minimum Fair Wage Act, Mass Gen. Laws. Ch. 151, § 1A & 1B ("MMFWA"). Plaintiffs, Justin Bell and Keith Constanza, on behalf of themselves and similarly situated employees, bring a collective lawsuit alleging that defendants, Citizens Financial Group, RBS Citizens, and Citizens Bank of Pennsylvania ("Citizens"), have a standard practice of

improperly classifying assistant branch managers ("ABMs") as exempt from the overtime requirements of the FLSA, PMWA, and MMFWA. Plaintiffs seek declaratory and injunctive relief, back pay and prejudgment interest, liquidated and treble damages, and attorneys' fees and costs.

Opt-in plaintiff Christine Watson has filed a motion to voluntarily dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2), arguing that her withdrawal will not create any prejudice to defendants. [Doc. Nos. 114-115]. If the court grants Watson's motion to dismiss, she plans to pursue a class action claim under the PMWA in Pennsylvania state court. [Doc. No. 115]. Defendants oppose the motion to dismiss, arguing, among other things, that they will be required to relitigate issues already decided in this court in connection with Watson's state court claims. [Doc. No. 117]. For the reasons set forth below, we will grant the motion to dismiss.

I.  BACKGROUND

On September 2, 2010, this court entered an order granting plaintiffs' motion for conditional certification for a collective action under the FLSA for the following class: "All Assistant Branch Managers employed at Citizens Bank retail branches during any workweek since March 10, 2007 who were paid a salary and classified by defendants as exempt from the FLSA's

overtime pay mandates." [Doc. No. 55]. Approximately 479 individuals opted into plaintiffs' FLSA claim, including Christine Watson. [Doc. Nos. 3-7, 13-15, 66, 68-73, 76, 80-82, 85, 92-93]. On June 6, 2011, this court denied plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") under the PMWA and the MMFWA [Doc. No. 110]. The court found the plaintiffs' "opt-in" collective action under the FLSA to be inherently incompatible with their opt-out class action under Rule 23 involving the same factual allegations.

Plaintiff Watson now seeks to withdrawal from this action to pursue a class action claim under the PMWA, on behalf of all current and former ABMs who are citizens of Pennsylvania, in the Philadelphia County Court of Common Pleas. [Doc. No. 115].

II. DISCUSSION

Plaintiff Watson moves for voluntary dismissal of her claims, on the ground that her withdrawal from the case is not prejudicial to defendants. Watson plans to assert a state law claim on behalf of Pennsylvania employees in state court against a Pennsylvania corporation, Citizens Bank of Pennsylvania. [Doc. No. 118]. Defendants state that they plan to remove to federal court any class action case filed by Watson under the

3

PMWA. According to defendants, voluntary dismissal of Watson's claims will cause prejudice because defendants will be required to re-litigate issues recently decided in this court upon removal. Defendants raise other arguments related to the incompatibility of state law class action claims and FLSA claims. However, we will not address those arguments at this time, because the issue of claim incompatibility will arise only if defendants successfully remove Watson's future class action suit to this court.

Plaintiff may voluntarily dismiss an action. Fed. R. Civ. P. 41. No order is required if the motion is filed before the opposing party serves either an answer or a motion for summary judgment, or if all parties who have appeared stipulate to the dismissal. Fed. R. Civ. P. 41(a)(1). Otherwise, the court may, in the exercise of its discretion, grant a plaintiff's motion to dismiss on terms the court deems proper. Fed. R. Civ. P. 41(a)(2). A district court will generally grant dismissal unless it would subject "the defendant to plain prejudice beyond the prospect of subsequent litigation." Westinghouse Elec. Corp. v. United Elec. Radio & Mach. Workers of Am., 194 F.2d 770, 771 (3d Cir. 1952). The court must "weigh the relevant equities and do justice between the parties in each case. Courts generally consider any excessive and duplicative expense of a second litigation; the effort and expense incurred

by a defendant in preparing for trial; the extent to which the pending litigation has progressed; and, the claimant's diligence in moving to dismiss." Pouls v. Mills, No. Civ. A. 91-7382, 1993 WL 308645, at *2 (E.D. Pa. Aug. 12, 1993)(citations omitted).

Here, defendants have already filed an answer and do not stipulate to the dismissal. Therefore, the court must weigh the equities and decide whether to enter an order of dismissal. Defendants do not assert, and the court cannot ascertain, that they would suffer any plain legal prejudice as a result of dismissal of Watson's claims. Watson's intent to re-file a PMWA claim in state court is not plain prejudice. Pouls, 1993 WL 308645, at *1.

Upon weighing the factors set forth in Pouls, we conclude that it is appropriate to grant Watson's motion to voluntarily dismiss her case. Defendants are not prejudiced by their efforts and expenses in this litigation, because other opt-in plaintiffs remain and the instant suit will continue. Defendants have failed to identify any efforts or expenses unique to Watson. Similarly, the progression of the litigation and Watson's diligence in moving for dismissal are not determinative factors, due to the ongoing nature of the collective action suit. Consideration of the final factor, the duplicative or excessive expense of subsequent litigation,

yields some possibility of prejudice to defendants. If Watson does file a PMWA case in state court and if defendants successfully remove it to federal court, defendants might incur some duplicative expenses in future federal court litigation on issues of claim incompatibility. However, at this time, such expenses are highly speculative. Therefore, we do not find plain prejudice to defendants based on duplicative expenses.

III. Conclusion

Accordingly, because there is no plain legal prejudice and because the equities weigh in favor of dismissal, we will grant plaintiff Watson's motion to dismiss her claims without prejudice to her right to refile these claims in state court. An appropriate order follows.

```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

JUSTIN BELL and KEITH            )
COSTANZA on behalf of            )
themselves and similarly         )
situated employees,              )
                                 )
            Plaintiffs,           )
                                 )
       v.                         )    Civil Action No. 10-0320
                                 )
CITIZENS FINANCIAL GROUP,        )
INC., RBS CITIZENS, N.A.         )
d/b/a CITIZENS BANK,             )
CITIZENS BANK OF                 )
PENNSYLVANIA d/b/a               )
CITIZENS BANK,                   )
                                 )
            Defendants.          )

                              ORDER

       AND NOW, this 20th day of October, 2011, upon consideration of Plaintiffs' Motion to Dismiss Opt-in Plaintiff Christine Watson, IT IS HEREBY ORDERED that the Motion is GRANTED, and the claims of Opt-in Plaintiff Christine Watson are hereby dismissed pursuant to Fed. R. Civ. P. 41(a)(2), without prejudice to Watson's right to refile her claims in state court.

                              BY THE COURT:

                              _____, C.J.
                              Gary L. Lancaster
                              Chief United States District Judge